W. L. MOODY, JR., ET AL. V. J. F. PANGLE ET AL.

Decided May 11, 1898.

### 1. Plea of Privilege—Contract to be Performed in County.

Where suit against defendants in a county other than their residence is alleged to be upon a promise in writing, to be performed in that county, they can not assert their privilege by demurrer.

### 2. Same.

The sufficiency of the evidence to support a contract to be performed in the county of the venue can only be considered under an assignment attacking the finding of the court upon that point.

APPEAL from the County Court of Burnet. Tried below before Hon. J. A. CREWS.

*Blackburn & Hammond,* for appellants.

*Ike D. White* and *J. D. Cook,* for appellee Pangle.

*W. H. Erwin,* for Otto Ebling.

KEY, ASSOCIATE JUSTICE.—J. F. Pangle instituted this suit in the County Court of Burnet County against Otto Ebling, who resided in said county. Ebling filed an answer admitting his liability to Pangle, and impleaded W. L. Moody and the other appellants, and sought judgment over against them for breach of a contract which the pleading alleged they agreed in writing to perform in Burnet County. Moody and his associates were not residents of Burnet County, and in proper form they raised the question of the court's jurisdiction over them.

The exceptions which raised this question were properly overruled, because Ebling averred in his pleading that Moody and his associates agreed in writing to perform the contract in Burnet County. The trial court found these averments to be true, and appellant's brief contains no assignment of error complaining of this finding. Therefore, the case appears in this court with evidence showing an agreement in writing to perform the contract in Burnet County. This fact gave the court jurisdiction to try the cause of action set up by Pangle against Moody and others, and renders it immaterial whether or not there was collusion between the plaintiff and Ebling to confer jurisdiction over Moody and his associates. On the facts referred to, Ebling could have maintained an independent action against Moody and his associates in Burnet County, and as the plaintiff did not object to Ebling's impleading them in this cause, they themselves can not object.

We have considered all the questions presented in appellant's brief, and finding no reversible error, the judgment will be affirmed.

*Affirmed.*