LONDON GUARANTEE & ACCIDENT CO., Limited, v. CITY OF BEAUMONT.

(Court of Civil Appeals of Texas. Galveston. June 12, 1911. Rehearing Denied Oct. 5, 1911.)

1. APPEAL AND ERROR (§ 719*)—FINDINGS OF FACT—CONCLUSIVENESS.

Where no assignment of error was filed in the trial court or presented on appeal, challenging the correctness of any of the findings, they will stand as conclusive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2976; Dec. Dig. § 719.*]

2. MUNICIPAL CORPORATIONS (§ 244*) — CONTRACTS—VALIDITY.

A city is not bound by a contract, not entered into as required by its charter, unless it ratifies the contract, or is estopped to deny its binding effect.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 678–683; Dec. Dig. § 244.*]

3. MUNICIPAL CORPORATIONS (§ 248*)—CONTRACTS—RATIFICATION.

An officer of a city applied for employers' indemnity insurance for the city on employés engaged in sewer construction work. The policy issued was not of the kind contemplated, and no officer or agent of the city knew of its terms until after its expiration. The city paid a bill for premiums due for indemnity insurance, under the understanding that it covered the full premium due. Insurer made settlements with employés of the city injured while at work, but no claims on account of the injuries were presented to the city. Notices of injuries to insurer were mailed from the city engineer's department, on blanks furnished by insurer. It was not shown that the city was liable to the injured employés. Held not to show ratification by the city of the insurance contract, and insurer could not recover additional premiums.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 684–686; Dec. Dig. § 248.*]

4. MUNICIPAL CORPORATIONS (§ 248*)—CONTRACTS—ESTOPPEL TO DENY VALIDITY.

An officer of a city applied for employers' indemnity insurance for the city. The policy issued was not of the kind contemplated. Acts done by city officers were done with the understanding that the policy issued was the policy contemplated. It was not shown that the city had received any benefits under the policy issued. Insurer had made settlements with injured employés of the city, but it was not shown that such settlements were accepted by any officer of the city authorized to accept the same for the city. Held, that the city was not estopped from asserting that the policy was not binding on it, because not accepted in the manner required by its charter, and insurer could not recover premiums due on the policy issued.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 684–686; Dec. Dig. § 248.*]

Appeal from District Court, Jefferson County; L. B. Hightower, Jr., Judge.

Action by the London Guarantee & Accident Company, Limited, against the City of Beaumont. From a judgment for defendant, plaintiff appeals. Affirmed.

Baker, Botts, Parker & Garwood and Jno. T. Garrison, for appellant. Marvin Scurlock, A. L. Calhoun, and O'Brien & Chilton, for appellee.

McMEANS, J. This suit was instituted by appellant to recover of the defendant city the sum of $1,701.12, alleged to be due as premium on a certain policy of liability insurance which it was alleged that the defendant procured plaintiff to issue about September 19, 1907. Plaintiff alleged that by the terms of the policy plaintiff was to receive from the city the sum of $10.80 on each $100 in money paid by the city for labor for sewer building for the space of one year from the date of said policy; and that the premium due plaintiff on the percentage basis before mentioned would be $1,989.12, on which was credited certain pay-

ment made by the city about the time of the issuance of the policy, leaving, as alleged by appellant, the amount, as first mentioned, to be due and owing; that at the time of the issuance of the policy it was estimated that the amount to be paid for labor for sewer building during the year would be $2,000, and for street paving the sum of $8,000, and that it appeared that during said year the city paid out no sum whatever for street paving, and the amount of premium paid on this account was credited on the amount alleged to be due by the terms of the policy for sewer building; that by the terms of said policy, and in consideration of the premium agreed to be paid, the appellant insured the city against claims for damages on the part of employés doing street-paving and sewer-building work during the life of said policy.

The defendant city answered by general and special exceptions, and also general denial. The city further specially answered that if such a policy was ever issued by the plaintiff it was never delivered to or accepted by defendant city, and that the said defendant in no manner agreed to the terms and stipulations therein mentioned, and never became bound to pay to plaintiff the premium as alleged. It is further set forth that defendant is a municipal corporation, chartered by a special act of the Legislature, which charter requires all contracts of the city to be entered into and approved by the city council, and specially ·denied that this contract was ever authorized or entered into by the city council, or any officer or agent of the city having authority to so contract on the part of said city. It is further alleged that the defendant had paid to the plaintiff the sum of $504 some time after the date of said policy, but that the said amount was paid without any knowledge of the terms and conditions thereof, and with the belief and understanding that the same was the total premium that would be due for indemnity insurance, and that the city council, as soon as informed of the terms of the said policy and the large additional premium therein provided for, promptly repudiated the said policy, and denied all liability under the same.

Plaintiff insurance company filed its first supplemental petition, in which it alleged that the defendant, through its duly authorized agents, made application for the policy above referred to, and in accordance with said application the said policy was issued; that defendant accepted the policy and consented to all the conditions therein contained. It was further set forth and alleged that defendant city was estopped to deny the existence, validity, and binding effect of the said policy, for the reason that the city engineer had made out and delivered to plaintiff pay rolls showing amount expended for street grading and sewer building for the year in question, and by the said city mak-

ing out accident reports and forwarding same to plaintiff company, and also by reason of certain settlements made with insured employés by plaintiff company during the existence of the policy. To this pleading defendant replied that the settlements with injured employés were made by plaintiff without authority from defendant, and further denied that the said claims were ever presented to and filed with said city, or that defendant was in any manner liable thereon or authorized their payment.

[1] The case was tried in the court below before the judge, no jury having been demanded, and judgment was rendered in defendant's favor. At the request of the plaintiff company, the trial judge filed his findings of fact, and no assignment of error was filed in the trial court or presented here challenging the correctness of any of said findings. These findings of fact will therefore stand in this court as correct and conclusive, and we adopt the court's findings and his conclusions of law based thereon as the findings and opinion of this court.

"(1) About September 19, 1907, the plaintiff, the London Accident & Guarantee Co., issued, at' its New Orleans office, through its agent for the state of Texas, at New Orleans, its policy of employer's liability insurance, a copy of which is attached to plaintiff's first supplemental petition. The policy, duly executed, was forwarded to the agent of said company at Beaumont, but the same was never delivered to or accepted by the city of Beaumont, or any agent or officer of said city, but the said policy remained in the possession of the agent of the said plaintiff company at' Beaumont, until some time after it had expired; that is, after September 19, 1908.

"(2) The city council of the city of Beaumont never contracted for, by ordinance or otherwise, an indemnity insurance policy of any kind, nor ever authorized any agent' or officer of said city or other person to procure or contract for the issuance of an employers' indemnity insurance policy. The city council of said city, or no officer or agent of the city, knew of the terms and conditions of this policy sued on by plaintiff until some time after it had expired, and a bill for the premium sued for herein was presented to the said city.

"(3) The manner in which the policy herein sued on by plaintiff came to be issued was as follows: A short time prior to September 19, 1907, Mr. H. Duke, one of the aldermen of the city (acting under instructions of the mayor of the city) made verbal application to the agent of plaintiff at Beaumont for an employers' liability indemnity insurance policy on certain employés of the city at that time engaged in sewer construction work. These employés were about 10 or 12 in number, who were working in a large, deep ditch excavated by machinery, and in connection with said machinery, and whose place of em-

ployment was considered to be hazardous, and were pointed out specifically to the agent of the insurance company at the time of the application by Mr. Duke. These men were only a small part of all the men at that time, and during the year covered by this policy sued on, employed by the city in sewer building. Soon after the above application was made, the agent of plaintiff company informed Mr. Duke that the risk was bound and a policy issued, and Mr. Duke in turn informed the mayor and the city engineer of the fact, but none of said parties ever saw or were advised of the terms and conditions of the policy herein sued upon.

"(4) About January ———, 1908, a bill for $504 for premium due for indemnity insurance was presented the city council by the Beaumont agent of plaintiff, and paid. The bill was paid along with other bills, and there is no special reference to it on the minutes of the council. On the bill were indorsed the names of W. W. Kyle and J. F. Keith, councilmen of said city and members of the street and bridge committee, and C. S. Scherer, city engineer, and was approved and ordered paid by the council under a general motion, passed August 10, 1907, in words as follows: 'Alderman Dowlen moved that the mayor be and he is hereby authorized and instructed to buy such teams and tools to carry on the construction of the city sewers as may be recommended by the street and bridge committee, and he be further authorized and instructed to issue such warrants as is necessary from time to time to pay off any laborer or employé that may have been contracted for including regular pay rolls, and for freight and material and all other necessary expense when approved by a majority of street and bridge committee. (Carried.)' The agent of plaintiff, at Beaumont, understood that the $504 covered the full premium due on the policy. The city engineer, before putting his signature to the bill (as his O. K.), inquired at the office of plaintiff's agent at Beaumont for information in regard to the bill, and was told by the man in general charge of the office and insurance business that the bill covered the full amount due on the policy. Mr. Duke and the mayor so testified; and I find as a fact that the bill, before mentioned, was approved and paid with the understanding and belief that it covered the full premium due on an indemnity insurance policy, such as Mr. Duke had applied for; this is, covering only certain specified employés, as before stated. But nothing is shown by the minutes of the said council with reference to this whole matter.

"(5) During the progress of the sewerage work by the city, several persons employed thereon were injured, and settlements were made with them by the plaintiff company. These settlements were made in the following manner: After the injury occurred, notice of such accident and injury would be mailed from the city engineer's department, on blank forms furnished by plaintiff company, with the knowledge and by direction of the city engineer, to the local agent of plaintiff company, stating name of party injured, and brief description of accident and nature of the injury, and thereafter settlements would be made direct by the agent of the insurance company with the injured employé, and releases taken in favor of the city. Three settlements are shown by the evidence to have been made, and $165 was the amount so paid by the plaintiff company to such injured employés. One of said parties settled with was not among those specified by Mr. Duke, but as to the others the evidence does not show where they were employed. No claims on account of said injuries or for damages were ever filed with or presented to the mayor or city council of said city. No settlements with injured employés by said plaintiff company were ever approved or authorized by the city council. It is not shown that the city of Beaumont was in any manner liable to said injured employés on account of said injuries."

"(7) By the terms of this insurance policy sued upon, the premium due would be $10.80 on each $100 of money paid out by said city to all employés engaged in 'sewer building' for one year from September 19, 1907, to September 19, 1908. During this time, the said city paid out of its sewer building funds to all employés, no matter how employed, including piece work, etc., 'the sum of $20,417.75.' The amount of the wages of the men pointed out by Mr. Duke is not shown, but it only represented a small part of the total amount.

"(8) The city of Beaumont is incorporated by special act of the Legislature of the state of Texas, the same being chapter 49 of the Special Acts of the Twenty-Ninth Legislature (1905) of the state of Texas, in which said act and charter, the powers and duties of the city council of Beaumont and other officers, heretofore referred to, are prescribed and defined."

### Conclusions of Law.

"The policy of insurance sued upon by plaintiff was not and never became the contract of the defendant city of Beaumont; Mr. Duke, undertaking to represent the said city, and the insurance company, represented by its agent at Beaumont, did not reach an agreement or enter into a contract such as that declared upon by plaintiff. And the policy as issued by plaintiff, not having been delivered or accepted, and the other party not being advised as to its terms and of the large additional premium therein provided for, did not become obligated to pay said premium.

[2-4] "The contract not having been entered into by the city council, or by its authority, as required by the charter of said city, could not be binding on the said city, except

by ratification or estoppel. The facts do not show ratification of the insurance contract sued upon, and there can be no estoppel by what was done, as the facts show that everything that was done by officers of the city was with the understanding that an entirely different insurance policy from that herein sued upon had been contracted for. There is no estoppel against the city by receiving benefits under the policy, for, in the first place, it is not shown that the city has received any benefits thereunder, but, if the settlements with injured employés be considered as benefits to said city, then it is not shown that same were authorized or accepted by any officer duly authorized to receive and accept the same for the defendant city.

"I conclude that the defendant city is not liable to plaintiff on the policy herein sued upon under any view of law, considered in connection with the facts."

We have examined all the assignments of error urged by appellant in its brief, and are of the opinion that none of them point out reversible error, and they are severally overruled.

The judgment of the court below is affirmed.

Affirmed.