## OLD RIVER LUMBER CO. v. SKEETERS.

(Court of Civil Appeals of Texas. Galveston. Oct. 27, 1911.)

1. APPEAL AND ERROR (§ 527*)—FAILURE TO FILE CONCLUSIONS—BILL OF EXCEPTIONS.

The objection that conclusions of fact and law were not filed by the trial court within the time fixed by Acts 30th Leg. (1st Ex. Sess.) c. 7, cannot be taken advantage of, unless the matter is shown by bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 527.*]

2. APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Where books of original entry were offered in evidence, the error, if any, in allowing a witness, stating that the books were properly kept, to testify as to the account shown by the books, was not reversible.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

3. FRAUDS, STATUTE OF (§ 33*)—PROMISE TO ANSWER FOR DEBT OF ANOTHER.

A merchant sold goods on credit to employés and contractors of a lumber company. The items were first charged to the employés and contractors purchasing the goods, and on the first of each month the merchant furnished a statement of the accounts to the company and it paid them. The company receiving such a statement requested delay in payment, and orally stated that the account was all right and would be paid, and the request was granted. Held, that the obligation of the company to pay such account was taken out of the operation of statute of frauds, and was enforceable.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 50–56; Dec. Dig. § 33.*]

4. APPEAL AND ERROR (§ 719*)—FINDINGS—OBJECTIONS.

In the absence of any assignment of error that findings are not sustained by the evidence, the findings are conclusive on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982; Dec. Dig. § 719.*]

5. APPEAL AND ERROR (§ 260*)—QUESTIONS REVIEWABLE — RULINGS ON EVIDENCE — BILL OF EXCEPTIONS.

In the absence of bill of exceptions taken to the admission of testimony over the objections of the party complaining, the error, if any, is not reviewable on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1503–1515; Dec. Dig. § 260.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

6. APPEAL AND ERROR (§ 257*)—QUESTIONS REVIEWABLE—RULINGS ON EVIDENCE—BILL OF EXCEPTIONS.

In the absence of a bill of exceptions taken to the refusal of the trial court to postpone the trial, an assignment relating to such refusal must be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1494–1497; Dec. Dig. § 257.*]

Appeal from Nacogdoches County Court; F. P. Marshall, Judge.

Action by W. T. Skeeters against the Old River Lumber Company. From a judgment for plaintiff on appeal from a justice's judgment for defendant, the defendant appeals. Affirmed.

King & King, for appellant. Ingraham & Hodges, for appellee.

REESE, J. This suit was originally instituted in the justice court by W. T. Skeeters to recover of the Old River Lumber Company $119.80 due on open account for goods sold and delivered. In the justice's court there was a judgment for defendant, from which an appeal was regularly prosecuted by plaintiff to the county court. In the county court the case was tried without a jury, and a judgment rendered in favor of plaintiff for the amount claimed. From this judgment, this appeal is prosecuted by the defendant.

[1] At the request of appellant, the county judge prepared and filed conclusions of fact and law. The court adjourned for the term on August 6th. The conclusions were filed on August 18th, more than 10 days after adjournment. Acts 1907 (1st Ex. Sess.) p. 446. No motion has been made to strike out or disregard these conclusions, but the filing of them more than 10 days after adjournment is assigned as error. It has been held that the failure of the trial court to file conclusions of fact and law when properly requested to do so cannot be taken advantage of in the appellate court, unless the matter is shown by bill of exceptions. Jacobs v. Nussbaum & Scharff, 133 S. W. 484, and cases cited. The same rule must apply where the objection is made that they are not filed within the time required by law.

[2] Oliver Skeeters, testifying for appellee, had in his hands the books of account of appellee. He testified that they were properly kept, and was allowed to testify as to the account, as shown by the books, over the objection of appellant that the testimony was secondary evidence and the books of original entry were the best evidence. The books themselves were offered, and what the witness said was in fact the evidence furnished by the books. It does not appear but that the books were books of original entry and presumably they were.

Appellant further objected to the testimony along this line that it was evidence tending to hold them liable for the debt of others in the absence of a promise in writing by defendant, or any one authorized to bind it, obligating it to pay the debt. It appeared that the items of the account were charged to appellant by appellee under the following circumstances: Appellee was engaged in the sale of merchandise at Appleby, and appellant was engaged in operating a sawmill near there. A custom had grown up according to which appellee sold goods to employés of appellant, and contractors hauling logs, etc., for the mill, on credit. These items were first charged to the person by whom they were purchased, but on the 1st of each month appellee made up a statement, and furnished it to appellant. The amount of each account was charged to appellant and credited to the person against which the items were originally charged, and on the 15th of the month, which was appellant's pay day, the account would be paid by appellant. In the present case the account sued on consisted in large part of such accounts, including a balance due on the accounts of one T. F. Lambert for September and October, which balance seems to have constituted the entire balance of the accounts sued on: the remainder having been paid. The amount of this account was really not disputed; the issue being as to whether appellant was liable for it. We are inclined to think that the mere fact of appellee having been accustomed, as set out, to charge these individual accounts to appellant, and that appellant had been in the habit of paying them, would not bind it to continue to do so in the absence of any agreement, expressed or implied, or anything that would estop it to deny its liability.

[3] The trial court found, however, the following facts: "That on the 15th day of October, 1909, defendant requested plaintiff not to require it to pay the balance due on the account, and requested Mr. Skeeters to hold it for a short time, as defendant desired to make out a report and make as good a showing as it could to its office, and that the account, being all right, would be paid, which was agreed to and the balance of the account extended, and that the plaintiff was not notified at any time not to sell to defendant's employés goods, but defendant accepted the account as presented. That the account sued upon is a correct statement of an accounting between parties showing a balance due of the amount sued upon of $119.81. That the goods sold mentioned in the account were sold directly to the defendant, or to the other parties working for it, at its request, and it owes the balance sued for."

[4] These findings are not objected to nor assailed by appellant, and, in the absence of any assignment of error that they are not

sustained by the evidence, they are conclusive on this court. These findings furnish an answer to the objection to the evidence referred to, as the evidence objected to only tended to establish the amount of the account, and not appellant's liability, which was another question, and, as the amount of the account was really not disputed, the objection on that ground also was properly overruled. The objection to the statement from appellant's books testified about by the witness Oliver Skeeters and the testimony of the witness with regard thereto was also overruled for the same reason given above. The assignment of error on this point is overruled.

[5] The fourth, sixth, and seventh assignments of error cannot be considered. They complain of the action of the court in admitting testimony over the objection of appellant. It does not appear from the assignments or the statements thereunder that any bill of exceptions was taken to the action of the court, in the absence of which the error, if any, cannot be revised by this court.

[6] For the same reason, the assignment of error relating to the refusal of the trial court to postpone trial must be overruled. The findings of fact of the trial court herein set out show an independent promise on the part of appellant to pay based upon a consideration moving directly to it; that is, the agreement of appellee to extend the time of payment for appellant's benefit and at its request, and this is sufficient to take the case out of the operation of the statute of frauds. Muller v. Riviere, 59 Tex. 640, 46 Am. Rep. 291; Spann v. Cochran, 63 Tex. 240; Lemmon v. Box, 20 Tex. 332.

None of the assignments of error presents sufficient grounds for reversing the judgment, and it is affirmed.

Affirmed.