PRAIRIE CATTLE CO., Limited, v. BAL-FOUR.

(Court of Civil Appeals of Texas. Amarillo. March 9, 1912. Rehearing Denied April 20, 1912.)

1. APPEAL AND ERROR (§ 719*)—FINDINGS—CONCLUSIVENESS.

In the absence of an assignment of error that the findings are not supported by the evidence, the findings are conclusive on appeal, although the appellant attacks the sufficiency of the evidence to support the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982; Dec. Dig. § 719.*]

2. CONTRACTS (§ 245*)—MERGER OF ORAL AGREEMENT.

Where two parties who had exchanged lands afterwards made an agreement by which one was to dig a well and erect a windmill on the lands of the other, for which he was to be paid, and subsequently reduced the agreement for the exchange of lands to writing, but the written contract did not refer to, or include, the well and windmill, or, if it was included, its inclusion resulted from mutual mistake or fraud, and was without consideration, the agreement to pay for the work in digging the well and erecting the windmill was not merged in the written contract, and hence the party performing such work was entitled to judgment for its value.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 978; Dec. Dig. § 245.*]

Appeal from Oldham County Court; T. B. Jones, Judge.

Action by William Balfour against the Prairie Cattle Company, Limited. From a judgment for plaintiff, defendant appeals. Affirmed.

Cooper, Merrill & Lumpkin, of Amarillo, for appellant. Gustavus & Jackson, of Amarillo, for appellee.

PRESLER, J. This suit was instituted by appellee as plaintiff below for the recovery from appellant of the value of certain labor and material used by him in digging a well and erecting a windmill on certain lands owned by appellant in Oldham county. Plaintiff alleged the making of a contract of lease between the parties during the year 1904, by which the appellant got the use of certain lands belonging to appellee, situated within the pastures of the appellant, and the appellee was to have the use of certain lands belonging to the appellant. This contract was to extend for a period of five years from the 1st day of October, 1904. Appellee alleged in his petition that there was a verbal agreement between the parties, to the effect that appellee should dig a well and erect a windmill at his own expense, and, on the expiration of said lease contract, the value thereof would be paid to him by the appellant, that he expended about $250 in having the well dug and the windmill erected, and that he has never been paid therefor. In its answer appellant pleaded that, if such verbal contract of lease was made, the same was afterwards reduced to writing and set up a written contract, bearing date the 14th day of January, 1905, as embodying the terms of the agreement between the parties and its compliance with the terms of such agreement. Appellee by supplemental petition then pleaded that the terms of the written contract did not in effect include the well and windmill described in its petition, and that such well and windmill were not intended to be included within the terms of that instrument; that through fraud or mutual mistake of fact the provisions of the verbal contract with reference to the well and windmill were omitted from the writing; that, upon receipt of the writing, plaintiff asked the opinion of one H. H. Wallace, who was attorney for appellant, with reference to the construction of the contract, and was informed by said Wallace that the contract would not be construed to include the well and windmill, and that appellant was thereby estopped to contend that the writing precluded a recovery for the value of the well and windmill, and that, as to the costs of such well and windmill, the written contract was without consideration and void. Appellant excepted generally and specially to plaintiff's petition, which exceptions were by the court overruled, and the cause was submitted to the court, without the intervention of a jury, and judgment resulted in favor of the appellee in the sum of $279.60, together with interest thereon from September 19, 1911. From which judgment appellant appeals to this court, and here asks that this cause be reversed and rendered.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

The trial court, at the request of appellant, made and filed his conclusions of fact and law, which are as follows:

"Conclusions of Fact.

"(1) The testimony adduced established that during the years 1904 and 1905 the plaintiff, William Balfour, was the owner of and in possession of certain surveys of land in Oldham county, Tex., described as follows: Sections Nos. 58, 82, 84, 86, 88, and 90, each containing 320 acres of land, block B–7, E. L. & R. R., and also section 78 in said block containing 640 acres, said land situated in what is known as E pasture, and the defendant was the owner of and in possession of 2,560 acres of land in said county, situated north of the LIT horse pasture on Tascosa creek.

"(2) That R. S. Watson, who resided at Higbee, Colo., was the manager of defendant company, and as its agent was authorized to attend to its business, make contracts upon its behalf, and to make and enter into the contract with the plaintiff hereinafter referred to.

"(3) That about the month of May or June, 1904, the said R. S. Watson, acting in behalf of defendant, entered into verbal negotiations with plaintiff for the exchange of grazing or pasturage rights of the lands above described for the period of time extending to October 1, 1909. In such negotiations an agreement was made that·the defendant should have its said land inclosed and a well and windmill erected thereon, and that each party should make such other temporary improvements in the way of fences, houses, corrals, etc., as each might desire during the term of such exchange, with the right to each party to remove such improvements as might be erected by each respectively on the other's land. Later defendant, on account of moving its headquarters in Oldham county, requested plaintiff to erect the fences around its said lands, which he was to use during such exchange, defendant furnishing wire, posts, and placing same on the lands, and plaintiff agreed to do this, contributing his labor to the erecting of said fences without cost to defendant; there being no person in the county at that time to put in the well defendant also requested and plaintiff agreed to do so, for plaintiff to have a well drilled on defendant's land, and to purchase the windmill and other supplies necessary in putting in said well and windmill, and to refund to plaintiff the cost of such well and windmill upon the expiration of the exchange agreement. That plaintiff had said well drilled, and purchased the windmill, and had same erected at a cost of $75 for drilling the well, $20 for erecting the tower for the windmill, said amounts being paid to J. H. Hamlin, and $18.55 to the Channing Lumber Company for material used, and about $123.18 to the Haynie Mercantile Company for mill, cylinder, and supplies used on said well, and $15 for three days' time for man and team in hauling material to said well, and that plaintiff expended on said well and windmill the aggregate amount of $250, expended during the months of May and June, 1904, which has never been paid to him. That on or about the 14th day of January, 1905, the defendant prepared in the state of Colorado and transmitted to plaintiff by mail a written contract pertaining to the exchange of lands, which was executed by plaintiff and defendant and read in evidence. That in the negotiations between said R. S. Watson and plaintiff no mention was made at any time by either party that plaintiff should have the right to remove any part of the well or windmill, but, on the other hand, that the defendant should pay all costs thereof upon the expiration of the term of exchange agreed upon.

"Conclusions of Law.

"From the pleadings and evidence submitted to me, I conclude as. a matter of law that the written contract offered in evidence did not relate to or include the well and windmill erected by the plaintiff, and that the agreement of defendant to pay plaintiff therefor was not merged in said contract, and that said contract was no bar to plaintiff's right to recover on the verbal agreement to be paid the costs thereof, and, further, that, if the windmill and well are included within the terms of said written contract, the inclusion thereof was through the mutual mistake of the parties or else fraud of the defendant or its agents in including same therein, and that said contract in that event should be reformed, and plaintiff not be barred from recovering the costs of said well and windmill, and, further, that no consideration for depriving plaintiff of the costs of said well and windmill was shown, and that the written contract was not executed until after such improvements were made and after the exchange of possession of lands, and that, however said contract may be construed, plaintiff should recover against defendant the sum of $250, with 6 per cent. interest from October 1, 1909."

[1, 2] While appellant, under several of its assignments of error, in effect complains of the insufficiency of the evidence to support the judgment, the findings of fact as filed by the court are not challenged by either of appellant's assignments, and, under the repeated decisions of our appellate courts, said findings must be here held as binding upon this court, and, being of the opinion that said findings authorize and warrant the judgment rendered, we conclude that said judgment should be in all things affirmed. Old River Lumber Co. v. Skeeters, 140 S. W. 511; London Guaranty & Accident Co. v. City of Beaumont, 139 S. W. 894; Best v. Kirkendall, 107 S. W. 932; Moody v. Pangle, 45 S. W. 741; Supreme Counsel A. L. of Honor v. Storey, 75 S. W. 901; Waggoner

v. Tinney, 102 Tex. 254, 115 S. W. 1155. Appellee in his brief has suggested that this appeal was for delay, and asks that the judgment be affirmed with damages. Upon an examination of the record, thus made necessary, we are unable to concur with appellee in this contention.

The judgment appealed from is therefore affirmed without damages.