BABCOCK v. GLOVER.   (No. 6758.)

(Court of Civil Appeals of Texas.  Galveston. March 9, 1915.  Rehearing Denied March 25, 1915.)

1. BROKERS ☞88—ACTIONS FOR COMPENSATION—FINDINGS—SUFFICIENCY.

In an action for a broker's commission, findings that the broker had procured a purchaser who had entered into a binding contract for the purchase of the land, and who was at all times a man of ample means to carry out the contract, and against whom it could have been enforced, are equivalent to a finding that the broker procured a purchaser ready, willing, and able to buy.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121, 123–130; Dec. Dig. ☞88.]

2. APPEAL AND ERROR ☞907—REVIEW—PRESUMPTIONS—FINDINGS OF FACT.

In the absence of an assignment attacking the court's findings of fact, the Court of Appeals will presume that there was evidence to warrant the findings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2899, 2911–2915, 2916, 3673, 3674, 3676, 3678; Dec. Dig. ☞907.]

3. BROKERS ☞74—COMPENSATION—LIABILITY—JOINT OWNERS.

Where a husband, as the owner of an undivided one-half interest in a tract of land, and as agent for his wife, who owned the other interest therein, promised to pay to a broker a commission for effecting a sale of the land, the husband's obligation for the commission was joint and several, and could be recovered in an action in which service was not obtained upon the wife.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 62; Dec. Dig. ☞74.]

4. APPEAL AND ERROR ☞907—REVIEW—PRESUMPTIONS—FINDINGS AND CONCLUSIONS.

In an action for a broker's commission, where error was assigned to the court's conclusion of law that the sale was closed by a binding contract which was, in fact, a present sale and conveyance, and that by virtue thereof plaintiff became entitled to his commission, but there was no assignment of error to the court's findings of fact that the sale was closed by a binding contract which was a present sale

and conveyance, it may be presumed that the facts adduced warranted the conclusion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2899, 2911–2915, 2016, 3673, 3674, 3676, 3678; Dec. Dig. ☞907.]

**5. APPEAL AND ERROR ☞742—PROPOSITION OF LAW—STATEMENT OF FACTS.**

A proposition in support of an assignment of error in an action for a broker's commission that the purchasers could have paid the purchase price and obtained the conveyance, and were not prevented by the defendants from doing so, is a statement of facts, and not a proposition, and will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742.]

**6. APPEAL AND ERROR ☞742 — QUESTIONS PRESENTED—NECESSITY OF STATEMENT.**

An assignment of error not followed by a statement as required by the rules will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742.]

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Action by J. E. Glover against J. W. Babcock and wife. Judgment for the plaintiff against the defendant J. W. Babcock, and that defendant appeals. Affirmed.

W. W. Cruse, of Beaumont, for appellant. Geo. D. Anderson and R. E. Masterson, both of Beaumont, for appellee.

McMEANS, J. J. E. Glover brought this suit against J. W. Babcock and his wife, Helen M. Babcock, to recover the sum of $1,060, claimed to be due him by defendants as a commission for selling about 4,000 acres of land belonging to defendants.

Before the trial plaintiff dismissed his suit against Mrs. Babcock, and a trial before the court without a jury resulted in a judgment against defendant J. W. Babcock for the full amount of plaintiff's claim, and said defendant has appealed.

The court, upon proper request, reduced to writing and filed its findings of facts, which, at the risk of being tedious, we here copy in full:

"(1) I find that on or about December 2, 1905, defendant J. W. Babcock and his wife, Helen M. Babcock, who was also named a party defendant in plaintiff's petition, but as against whom this suit has been discontinued for want of service upon her, were the owners of about four thousand (4,000) acres of land situated at Devers, in Liberty county, Tex.; that they were desirous of selling the same; that defendant J. W. Babcock, acting for himself and his said wife, offered said property for sale to plaintiff, J. E. Glover; that plaintiff was not able to buy the land, and so informed said J. W. Babcock, but further stated he thought he knew of a party or parties to whom he could sell it; that said J. W. Babcock wanted $12.-50 per acre for the land, but agreed that same should be offered and he did offer the same to plaintiff at $15 per acre, or a total of $60,-000, upon the understanding that defendant J. W. Babcock and wife should have $50,000, and plaintiff, J. E. Glover, and the party or parties who might join him in the purchase, should have the remaining $10,000 as a commission, and said J. W. Babcock, acting for himself and his said wife, wrote and delivered

to plaintiff a letter dated December 2, 1905, substantially to the effect above set forth, said letter also stating that the terms of sale were to be $1,500 down on or before January 1, 1905, $11,000 more on or before March 17, 1906, and the balance could run for ten years at 6 per cent., payable semiannually, and plaintiff was given by said letter until January 1, 1905, to secure parties to take an interest with him, and a reasonable time after that to examine the lands and title thereto, etc.; that said negotiations occurred at Houston and Devers, Tex., and, upon receiving said letter of December 2d, plaintiff at once left for Minneapolis with a view of securing a purchaser for said property; that on the following day, December 3, 1905, defendant J. W. Babcock wrote and mailed to plaintiff a letter stating, in substance, that since plaintiff left, in thinking over the land deal, said J. W. Babcock has decided to say to plaintiff not to lose a sale of the lands trying to get $15 per acre, and that, if plaintiff could not get over the $12.50, to 'close trade, and we will give a thousand or more dollars besides your expenses going home, but get the $15 if you can, and get good commission out of it.'

"(2) I find that plaintiff, J. E. Glover, on arriving at Minneapolis, Minn., undertook to find a purchaser for said property; that he was unable to find a purchaser at $15 per acre, and did not delay the matter to do so, but, in accordance with said letter of December 3, 1905, offered the land and found a purchaser of same at $12 per acre, namely, one Andrew Sundseth; that it was understood between plaintiff and said Andrew Sundseth that plaintiff should join said Sundseth in the purchase of said property, but should not be required to pay any part of the purchase money, and that plaintiff's interest in the property should be one-seventh thereof, and that defendant J. W. Babcock was fully advised of this understanding before the formal contract of sale was made and signed on the 19th day of January, 1906; that defendant J. W. Babcock was advised that said purchaser had been found and the sale would be made, during the month of December, 1905, and that some time was consumed in agreeing on the details of the contract; that plaintiff and said Andrew Sundseth also came down to Devers, Tex., to look over the land, and that a contract for the sale of same was made and executed between said parties on January 19, 1906, the following being the terms of said contract as per a certified copy thereof from the deed records of Liberty county, Tex.:

"'Houston, Texas.

"'Know all men by these presents that we, John W. Babock and Helen M. Babcock, his wife, all of Bay City, Bay county, and state of Michigan, parties of the first part, and John E. Glover and Andrew Sundseth, all of Minneapolis, state of Minnesota, parties of the second part, enter into the following agreement:

"'John W. Babcock and Helen M. Babcock hereby agree to sell and do sell a certain tract of land containing about four thousand acres (4,000) more or less for the sum of fifty thousand dollars ($50,000.00), payments to be made as hereinafter mentioned. As a further description of said land, about three thousand (3,000) acres more or less are in the Malina Whittington league, about eight hundred (800) acres more or less are in the Chism league, and about three hundred and thirty-seven (337) acres more or less in the Jesse Woodberry league, all lying in the township of Devers, county of Liberty, and state of Texas, and more particularly described in a certain instrument now on file at Liberty, county seat of Liberty county. The above instrument is a vendor's lien note and trust deed covering the

above-mentioned land, and it is expressly intended to, and does, convey all the land covered by that trust deed to John E. Glover and Andrew Sundseth, parties of the second part, the payments to be made as follows: One thousand and five hundred dollars ($1,500.00) heretofore paid, the receipt whereof is hereby acknowledged, eleven thousand dollars ($11,000.-00) on or before January 1, 1907, as a second payment, whereupon the said John W. Babcock and Helen M. Babcock, his wife, parties of the first part, will execute and deliver to said second parties a warranty deed conveying to said second parties, their heirs or assigns, free and clear of all incumbrance, said four thousand acres (4,000) more or less. The above-mentioned eleven thousand dollars ($11,000.00) shall be used to pay off a certain trust deed hereinbefore referred to and now of record at Liberty, Liberty county, state of Texas. The balance of the fifty thousand dollars ($50,000.-00) remaining unpaid, namely, thirty-seven thousand and five hundred ($37,500.00) dollars, shall be paid on or before the expiration of ten years from January 1, 1906, with interest on all deferred payments at the rate of six (6) per cent. per annum, payable semiannually, beginning January 1, 1906. John W. Babcock and Helen M. Babcock agree to pay all the taxes, also the interest, on the said incumbrance of eleven thousand ($11,000.00) dollars up to January 1, 1906. John E. Glover and Andrew Sundseth are upon delivery to them of said warranty deed to give their notes for the aforesaid remaining thirty-seven thousand and five hundred ($37,500.00) dollars secured by vendor's lien or first mortgage on said four thousand (4,000) acres, more or less. Said interest on all deferred payments to be paid semiannually at city of Houston, Tex., at South Texas National Bank, January 1st and July 1st of each year until all of the above thirty-seven thousand and five hundred ($37,500.00) dollars is paid. It is expressly understood that Helen M. Babcock is part owner of said land in her own name and right, and not as a dower right. The above notes are to be given to each party as their interest shall appear.

" 'Parties of the second part are to assume the payment as a part of the said purchase price of the $11,000.00 lien hereinbefore referred to which lien bears interest at 8 per cent. per annum, payable annually, and parties of the second part are to pay the 8 per cent. interest thereon after January 1, 1906.

" 'It is hereby agreed, if parties of the second part fail to make any payment when due, the whole indebtedness shall become due. Parties of the second part are to pay all taxes and assessments of every name and nature after January 1, 1906.

" 'In testimony whereof, all parties hereto have hereunto set their hands and affixed their seals this 19th day of January.

" 'Helen M. Babcock. [Seal.]
" 'John W. Babcock. [Seal.]

" '[Here follow acknowledgments in due form of J. W. Babcock and Helen M. Babcock.]

" 'Filed for record January 25, A. D. 1906, at 9 o'clock a. m. Recorded March 13, A. D. 1906, at 9:15 o'clock a. m.'

" '(3) I further find that said contract was accepted by plaintiff, J. E. Glover, and said Andrew Sundseth, and that said Andrew Sundseth paid the one thousand five hundred ($1,500.00) dollars cash referred to therein by a written draft in favor of said J. W. Babcock, which was duly cashed; that two copies of said contract was executed; and that said J. E. Glover and Andrew Sundseth signed one of the copies of same. I further find that on or about February 10, 1908, plaintiff, J. E. Glover, and said Andrew Sundseth sold and conveyed the land hereinbefore referred to, to George W. Jenkins, in consideration, among other things, that said George W. Jenkins assumed the payment of the indebtedness to the Grand Lodge

of Texas, A. F. & A. M., being the indebtedness of eleven thousand ($11,000.00) dollars referred to in said contract of January 19, 1906, as being secured by trust deed upon said property, and also assumed the remaining indebtedness to said J. E. Glover's wife, evidenced by said contract of January 19, 1906, the assumption of all of said indebtedness being recited, in deed from said J. E. Glover and Andrew Sundseth to said George W. Jenkins; that said Andrew Sundseth paid the interest upon said eleven thousand ($11,000.00) dollars indebtedness to said Grand Lodge, and also the interest upon remainder of the purchase money, to said J. W. Babcock and wife until said sale to George W. Jenkins, and that after the conveyance of said property to said George W. Jenkins the latter secured a further extension of said indebtedness to said Grand Lodge, and paid all interest thereon, and also all interest on the remainder of the purchase money, to said J. W. Babcock and wife for about two years, at the end of which time said George W. Jenkins failed to keep up the further payments thereon, and thereupon defendant J. W. Babcock sent the following notice to said Sundseth and Glover:

" ' 'Beaumont, Texas, April 14, 1910.

" ' 'Mr. Andrew Sundseth and Mr. John Glover, Minneapolis, Minnesota, U. S. A.—Dear Sirs: I take this occasion to notify you jointly and severally that your agent or assignee, Mr. Geo. W. Jenkins, now of Houston, Texas, has notified me in writing that he has not paid the interest on the eleven ($11,000.00) thousand dollars mortgage held by Mr. B. F. Frymier, as treasurer of A. F. & A. M. at Waco, Texas. The interest was due March 17, 1910, just past, and also the three years' taxes are unpaid and overdue. Now, I expect you to take care of my interest by coming forward, and paying the interest and taxes thereby gaining time to set the lands that I sold you.

" ' 'I give you each further notice that I hold you respectively responsible each for whatever the lands bring less than my claims are against you that you will make good to me.

" ' 'I am, as ever, truly yours,
" ' 'J. W. Babcock.

" ' 'Address me 1215 Park St., Beaumont, Texas.'

" '(4) I further find that on January 3, 1911, said Grand Lodge of Texas filed suit upon said indebtedness of eleven thousand dollars ($11,000.00) and for foreclosure of its lien securing the same against defendant J. W. Babcock and wife, Helen ‚M. Babcock, plaintiff, J. E. Glover, Andrew Sundseth, George W. Jenkins, and other parties not necessary to mention, but that said suit was never tried nor prosecuted to judgment, same being dismissed at the February term, 1911, of the district court of Liberty county, by order of dismissal therein entered reciting, in substance, that E. F. Moore has by purchase become the owner of the title of J. W. Babcock and George W. Jenkins in all of said land and by assignment of the eleven thousand ($11,000.00) dollar note and deed of trust securing the same from the Grand Lodge of Texas, A. F. & A. M., and that the title to said lands and indebtedness is now assembled in the person of said E. F. Moore; that on or about the time of the dismissal of said suit J. W. Babcock and wife executed their deed for said property to said George W. Jenkins, and that said George W. Jenkins, in turn, executed his deed for said property to said E. F. Moore; that said E. F. Moore paid off said indebtedness of eleven thousand ($11,000.00) dollars to said Grand Lodge of Texas, and paid the balance of the purchase price for said property to said J. W. Babcock and wife, but not upon the original basis of twelve and 50/100 ($12.50) dollars per acre, the purchase price having been reduced in connection with said settlement to eight ($8.00) dollars per acre by agreement by the said J. W. Babcock and wife and George W. Jenkins,

and said J. W. Babcock and wife did not consult plaintiff or Andrew Sundseth in making said settlement on said reduced price, nor procure their consent thereto, but made it because they said Babcock and wife thought it was the best thing to do under the circumstances in view of the threatened foreclosure by said Grand Lodge.

"(5) I further find that Andrew Sundseth was at all times hereinbefore mentioned, and still is, a man of ample means to carry out and perform his said contract of January 19, 1906, and that his financial responsibility was and is such that said contract would have been enforced against him.

"(6) I further find that the land above referred to was to the extent of about one-half thereof the separate property of said Helen M. Babcock, but that the agreements between said J. W. Babcock and said Helen M. Babcock, acting by said J. W. Babcock, with plaintiff, regarding the commission he was to receive on said sale, were made by said J. W. Babcock and wife jointly and severally.

"(7) I further find that said Andrew Sundseth had knowledge that plaintiff was to receive a commission from J. W. Babcock and wife, he having seen letters of December 2 and December 3, 1905, hereinbefore mentioned, and that it was his understanding and agreement that he, said Sundseth, should not share in the said commission to be paid by J. W. Babcock and wife, but same should go entirely to plaintiff, J. E. Glover.

"(8) I further find that for making said sale defendant J. W. Babcock by his letter of December 3, 1905, agreed to pay plaintiff a commission of one thousand ($1,000.00) dollars, besides his expense going home, and that this agreement was not altered or rescinded in the subsequent dealings of the parties; and I further find that a reasonable commission to plaintiff for making said sale is the sum of one thousand ($1,000.00) dollars in addition to his expenses; and I further find that no part of said commission or expenses has been paid except forty ($40.00) dollars."

[1] Appellant submits his first, second, third, and sixth assignments of error together, and in so doing necessarily sends us to the propositions advanced under the assignments to ascertain the points presented for our consideration. The first proposition is:

"Before a broker can lay claim to commission for a sale, he must provide a purchaser who is ready, willing, and able to take the property upon the terms fixed by the owner."

The trial court found as a fact, in substance, that the plaintiff had procured a purchaser with whom the appellant had, on January 19, 1906, entered into a contract of sale of the land, and that said purchaser "was at all times hereinbefore mentioned, and still is, a man of ample means to carry out and perform his said contract of January 19, 1906, and that his financial responsibility was and is such that said contract could have been enforced against him." This is tantamount to a finding that the purchaser was "able." The fact that he entered into a contract of purchase of the land and paid the stipulated cash consideration of $1,500 evidenced his willingness and readiness to purchase under the terms and conditions prescribed by the owner.

[2] Appellant does not by any of said assignments attack the court's findings of fact, and, in the absence of such an attack, this court must and will presume that the facts found were warranted by the evidence adduced upon the trial. This applies also to the second proposition under the assignments, wherein it is urged that an action by a broker to recover commissions will not lie until he has effected or procured a sale of the property. The assignments are overruled.

[3] The fourth assignment complains of the action of the court in rendering judgment against appellant, J. W. Babcock, for the full amount of the commission sued for; the contention being, in effect, that Mrs. Babcock, being the owner in her separate right of half of the land, and that the agreement to pay the commission being made by both owners, it imposed a several, and not a joint and several, liability, and therefore appellant was liable, if at all, for only one-half of the amount of commissions promised. We cannot agree to the contention that the agreement to pay a fixed sum as commission was several, but our opinion is that it was joint and several. This being true, while Mrs. Babcock, because of her coverture, might avoid liability, the appellant was bound in the full amount of the sum promised. Baum v. McAfee, 125 S. W. 987. The assignment is overruled.

[4, 5] The seventh assignment attacks the following conclusion of law of the trial court:

"That said sale was closed by a binding contract, dated January 19, 1906, between J. W. Babcock and wife and J. E. Glover and Andrew Sundseth, same being, in fact, a present sale and conveyance of said property, and that by virtue thereof plaintiff, J. E. Glover, became entitled to receive from defendants, J. W. Babcock and Helen M. Babcock, jointly and severally, the sum of $1,000."

The propositions advanced are: (1) That plaintiff sues for commissions for making a sale of the land to himself and Andrew Sundseth, and a valid and binding contract for a sale is not the making of a sale; and (2) that Glover and Sundseth could have paid the $11,000 and obtained a deed under said contract prior to January 1, 1907, and that Babcock and wife did nothing to prevent them making this payment. The facts upon which the court based the conclusion that the sale was closed by a binding contract, and that the same was a present sale and conveyance of the property, is not assailed by any assignment of error, and therefore we must presume that the facts adduced warranted the conclusion. The second proposition is not a proposition of law, but a statement of certain facts, and therefore raises no question that we are called upon to consider. The assignment is overruled.

[6] The eighth assignment is not followed by a statement, as required by the rules, and will not, therefore, be considered. If, however, we should waive this objection to it, we are of the opinion that the assignment is without merit.

This disposes of all the assignments presented in appellant's brief. We find no re-

versible error in the record. The judgment of the court below is affirmed.

Affirmed.