STOCKTON v. JONES et al. (No. 5472.)

(Court of Civil Appeals of Texas. San Antonio. April 14, 1915.)

1. APPEAL AND 'ERROR ☞1010—FINDINGS—CONCLUSIVENESS.

A finding supported by evidence and not attacked by assignment of error is conclusive on appeal.

[Ed. Note.—For other cases. see Appeal and Error, Cent. Dig. §§ 3979–3982, 4024; Dec. Dig. ☞1010.]

2. HOMESTEAD ☞128 — MORTGAGES—VALIDITY.

Where a creditor of a debt not within any of the constitutional exceptions to the prohibition against incumbering a homestead took a mortgage of the homestead of the debtor and his wife, with knowledge of the existence of the homestead, the mortgage was void.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 224–232; Dec. Dig. ☞128.]

Appeal from District Court, Wharton County; Sam'l J. Styles, Judge.

Action by H. P. Stockton against W. D. Jones and others. From a judgment for defendants, plaintiff appeals. Affirmed.

H. A. Cline, of Wharton, and A. D. Dyers, of Temple, for appellant. Cappel & Rowan, of El Campo, for appellees.

CARL, J. On the 4th day of June, 1913, W. F. O'Briant and his wife, May A. O'Briant, executed and delivered to H. P. Stockton a deed, wherein they purported to convey to him the west one-half of farm block No. 17 in the town of Louise in Wharton county; the consideration therein expressed being $412.06, which is stated to be a cash consideration. This deed was acknowledged before R. F. Hudson, a notary public of Wharton county, on the same day the deed bears date, and was filed for record on the day of its execution. On the same day this deed was executed, W. F. O'Briant and Stockton entered into an agreement whereby the former rented the property from the latter, from June 4, 1913, until the 1st day of January, 1914, for an expressed consideration of $35 cash paid. Subsequent thereto, O'Briant and his wife went to the country, but left their furniture in the house, and the defendant W. D. Jones was left in charge of the property for them. When Stockton demanded possession of the property, it was refused, and he thereupon filed suit for the property in trespass to try title, naming W. D. Jones and W. F. O'Briant as defendants. O'Briant pleaded not guilty, and in a plea in intervention he and his wife, May A. O'Briant, set up the fact that the property was their homestead before, at the time, and ever since the execution of said deed; that said deed was in fact intended to be a mortgage to secure something over $400 which O'Briant owed Stock-

ton; and that it was agreed and understood at the time of 'the execution and delivery of said deed that it was merely to secure said debt and that when said debt was paid Stockton would reconvey the property. It is also charged that Stockton agreed to withhold the deed from the record. Mrs. O'Briant alleges that she was not examined separate and apart from her husband at the time the deed was executed, but that he was present all the time; that Hudson, the notary, did not read the deed to her; and that her husband had told her that it was only a mortgage. So that at the time the same was executed she did not know that it was a deed conveying the title to the property. Fraud, on the part of Stockton and his agent, Hudson, who is the cashier of the People's Bank, owned by Stockton, was also pleaded as a ground for setting aside the deed.

[1] Upon a trial before the court, without the assistance of a jury, the court found that the property in question was the homestead of W. F. O'Briant and wife at the time of the execution of the deed, and that this deed was intended to serve as a mortgage to secure what W. F. O'Briant owed Stockton's private bank. The evidence was ample to support both of these findings. It is not contended that the debt secured falls within any of the constitutional exceptions to the inhibition against incumbering the homestead. These findings are not attacked by any assignments of error and are therefore conclusive.

[2] There was ample testimony to show that the property was the homestead of O'Briant and wife, which fact appellant knew, and also that the deed was intended to be a mortgage to secure what O'Briant owed appellant's bank, aside from the evidence of appellee and his wife, as to what they had been offered for the property. And, where that is true, in a trial before the court, we would not disturb the finding. And since the property was a homestead and the instrument was a mortgage, it becomes absolutely immaterial whether W. F. O'Briant was present or not when his wife acknowledged the deed; for in either event it would be void. Neither was there error in overruling the motion for a new trial, based upon the affidavit of Mrs. Ida Merrifield, to the effect that Mrs. O'Briant told her she had to go alone to sign the deed. At most, that would only be persuasive, because her husband may have been at the bank when she got there, even if she did go alone. But whether he was there or not is immaterial.

We have carefully examined all assignments of error, and find them without merit. Therefore the judgment of the trial court is in all things affirmed.