LOVELADY et al. v. COUNTY BOARD OF SCHOOL TRUSTEES. (No. 9126.)

(Court of Civil Appeals of Texas. Ft. Worth. May 3, 1919. Rehearing Denied June 14, 1919.)

APPEAL AND ERROR ⚫719(8) — REVIEW — FINDINGS—ASSIGNMENT OF ERROR.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, a finding of fact will not be reviewed on appeal in absence of assignment of error attacking the finding.

Appeal from District Court, Montague County; John Speer, Judge.

Suit by Jess Lovelady and others against the County Board of School Trustees. From order dissolving temporary writ of injunction, plaintiffs appeal. Affirmed.

J. W. Chancellor, of Bowie, for appellants. Cook & Spencer, of Wichita Falls, and Paul Donald, of Bowie, for appellee.

CONNER, C. J. Appellants Jess Lovelady, J. A. Cantwell, and D. W. McWilliams filed this suit in the district court of Montague county for a writ of injunction to restrain the county board of school trustees of that county from further proceeding with the organization and management of Taylor school district No. 107, Union Hill district No. 34, and Oak Bluff school district No. 55. A temporary writ of injunction was issued, but later, upon a hearing, it was dissolved by the court, and the petitioners have appealed from the order of dissolution.

The record shows that the county board of trustees rearranged a number of school districts of Montague county in such a manner as to change the lines of some of them, to consolidate others, and by such changes

and redistricting to form the school districts above named. The theory upon which the suit seems to have been instituted is that the new districts were made high schools, and it was shown that such formations had been created without a petition of a majority of the qualified electors of each common school district affected by the change. Counsel for appellants, in Lis brief, thus states their contention:

"This suit is founded upon the single and only proposition that the county board of school trustees cannot create high schools already created without a petition of a majority of the qualified electors of the districts affected."

By an amendatory act of the Legislature a board of county school trustees was provided for, and it was made the duty of such trustees, among other things, to classify the schools of their county, in accordance with such regulations as might be prescribed by the state superintendent of public instruction, into elementary schools and high schools, for the purpose of promoting the efficiency of the elementary schools and of establishing and promoting high schools at convenient places. Such trustees were given the authority theretofore vested in the county commissioners' court with respect to subdividing the county into school districts and to making changes in school district lines. 1 Vernon's Sayles' Texas Civil Statutes, 1918 Supp. arts. 2749b and 2749c.

The power of the commissioners' court theretofore to redistrict a part or all of their several counties, and to consolidate two or more adjacent districts, was not restricted by any requirement that such changes could be made only upon petition therefor by the electors of the school district to be affected. 2 Rev. Stats. 1911, art. 2816. So that it was undoubtedly requisite, in order to support appellant's contention, that it be shown that the new districts involved in the present controversy were, by the rearrangement, high school districts. Had that fact been made to appear, we would be very much inclined to agree with appellants' contention that the county school trustees, without petition therefor, would have no authority to establish high schools in their county by redistricting, consolidation, etc., the common school districts as shown in this case; for the reading of the statute on that subject is:

"The county school trustees shall have authority to consolidate two or more common school districts into a larger common school district where a majority of the qualified electors of each common school district at interest shall petition the county school trustees for consolidation in order that a high school may be established for the children of high school advancement in the common school districts so consolidated." See article 2749c, supra.

The difficulty in our way, however, in supporting appellants' appeal, is that the trial court filed findings of fact and conclusions of law and therein, after reciting the proceedings had by the county school trustees, expressly found that "no high school districts were created by said board," and appellants have presented no assignment of error attacking the finding referred to. Our statute requires that an appellant or plaintiff in error shall in all cases file with the clerk of the court below assignments of error distinctly specifying the grounds on which he relies before he takes the transcript of record from the clerk's office, and provides that all errors not so specified, or to which attention has not been called by an assignment, shall be deemed waived. See 1 Vernon's Sayles' Statutes, art. 1612.

It has been held more than once that a finding of fact by the trial court will not be reversed in the absence of an exception thereto and an assignment of error calling the appellate tribunal's attention to the objection. See notes to the article of the statute cited, page 823, 1 Vernon's Sayles' Statutes.

But even if we could review the finding of the court mentioned, it is not clear that the evidence presented in the statement of facts before us would require a finding that the proceedings of the county board of trustees amounts to the establishment of high schools in the consolidated districts mentioned in the beginning of this opinion. As stated, the statute (article 2749b, supra), requires the county school trustees to classify the schools of the county, and the evidence does not show that the consolidated new districts have been classified as high schools. The statute (article 2849b, V. S. Supp. 1918, vol. 1), classifies high schools into first, second, and third classes, specifying the requirements of each class. The evidence in the case before us tends to show that in the new district certain grades above the seventh grade required of high schools of the third class have been provided for; that is, that under the reorganization it would be possible to teach in the new district certain classes above the seventh grade that are classified as high school grades, and the superintendent testified that it was hoped that in the new schools at some time such high school subjects might be taught and such schools continued for the length of time required by the statute. But a mere anticipation or possibility of the kind can hardly be said, as against the court's specific finding to the contrary, to amount to the establishment of a high school within the meaning of the laws referred to.

On the whole, we conclude that the judgment must be affirmed; and it is so ordered.