## REED et al. v. MURPHY.　(No. 107.)

(Court of Civil Appeals of Texas. Waco. June 25, 1925. Rehearing Denied Nov. 12, 1925.)

1. Appeal and error ⬤═265(1)—Exception to judgment, noted of record in judgment entry, held sufficient to review judgment.

Exception to judgment, noted of record in judgment entry, held sufficient to review judgment; exceptions to the findings of fact and conclusions of law not being necessary for that purpose.

2. Appeal and error ⬤═719(4)—Findings of fact of trial court, when not challenged by assignments of error, are binding on Court of Civil Appeals.

Findings of fact of trial court, when not challenged by assignments of error, are binding on Court of Civil Appeals, notwithstanding sufficiency of evidence to support judgment is challenged by appropriate assignments of error.

3. Appeal and error ⬤═753(2)—Failure to question by assignments of error findings of fact supported by evidence and supporting judgment held to require affirmance of judgment.

Failure to question by assignments of error findings of fact supported by evidence and supporting judgment held to require affirmance of judgment.

Appeal from District Court, Dallas County; Royall R. Watkins, Special Judge.

Action by M. Murphy against Fred E. Reed and others. From an adverse judgment, defendants appeal. Affirmed.

Johnston & Hughes, of Waco, for appellants.

Burgess, Burgess, Sadler, Chrestman & Brundidge, of Dallas, for appellee.

EASON, Special Judge. [1] This suit was instituted by M. Murphy, a general insurance agent of Dallas, Tex., against Fred E. Reed and W. C. Linder, local insurance agents of Waco, Tex., and the sureties on their bond. The case was tried before the court without a jury, and the court filed findings of fact and conclusions of law. The appellants excepted to the judgment of the court, and caused the exception to be noted of record in the judgment entry. The appellee contends that this exception is not sufficient to authorize this court to review the judgment of the trial court, and urges that a bill of exception should have been taken to the findings of fact and conclusions of law. We cannot sustain this contention. Hess v. Turney, 109 Tex. 209, 203 S. W. 593; Lieber v. Nicholson (Tex. Com. App.) 206 S. W. 512; Temple v. Lindholm (Tex. Com. App.) 231 S. W. 321.

[2] The appellants present eight assignments of error. They challenge the sufficiency of the evidence to support the judgment, but none of them challenge the sufficiency of the evidence to support the findings of fact. The appellee contends that the findings of fact of the trial court, when not challenged by assignments of error, are binding on this court. We sustain this contention. Babcock v. Glover (Tex. Civ. App.) 174 S. W. 713; Stockton v. Jones (Tex. Civ. App.) 175 S. W. 859; Lovelady v. County Board (Tex. Civ. App.) 214 S. W. 623; Illinois v. Ryan (Tex. Civ. App.) 214 S. W. 645; Desdemona v. Tyler (Tex. Civ. App.) 250 S. W. 744; Hines v. Bank (Tex. Civ. App.) 228 S. W. 671; Dallam County v. Supply Co. (Tex. Civ. App.) 176 S. W. 802; Prairie Cattle Co. v. Balfour (Tex. Civ. App.) 146 S. W. 675; Old River Lumber Co. v. Skeeters (Tex. Civ. App.) 140 S. W. 512; Dalhart v. LeMaster, 62 Tex. Civ. App. 579, 132 S. W. 862; London v. Beaumont (Tex. Civ. App.) 139 S. W. 895; Supreme Council v. Storey (Tex. Civ. App.) 75 S. W. 905; Galveston v. Reitz, 27 Tex. Civ. App. 411, 65 S. W. 1089.

[3] The findings of fact are sufficient to support the judgment of the trial court, and there is evidence to support these findings, and, since same are not questioned by assignments of error, the judgment of the trial court must be affirmed, and it is so ordered.

TERRELL, Special Chief Justice, and STANFORD, J., concur.